UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SERGEY MAKMUDOVICH SULEYMANOV,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ et al.,<br>Respondents. | Case No. 2:26-cv-03898-TMC<br><br>ORDER GRANTING WRIT OF HABEAS CORPUS |

## I. ORDER

Petitioner Sergey Makmudovich Suleymanov, a 51-year-old Russian citizen, entered the United States in January 2020 and presented himself to immigration authorities, who took him into custody. Dkt. 1 at 7–8. Approximately two months later, the Department of Homeland Security issued a final order of removal. *Id.* Immigration and Customs Enforcement ("ICE") detained Mr. Suleymanov for over a year while attempting to complete removal. *Id.* After more than a year of detention, Suleymanov was released with an Order of Release on Supervision. Dkt. 1-4 at 4. Approximately five and a half years after releasing Suleymanov, ICE re-detained him. Dkt. 1 at 12–13. Suleymanov alleges his re-detention violated procedural due process. *Id.* at 13. Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), detention following a final order of removal

is presumptively reasonable for six months. *Zadvydas*, 533 at 701. After that period, if the detained noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut that with sufficient evidence to continue detention. *Id.*

Suleymanov's first detention exceeding a year, coupled with the absence of evidence that circumstances have changed to make removal reasonably foreseeable, provides "good reason to believe" that no such likelihood exists. *Id.* The government must therefore rebut that showing with sufficient evidence. *Id.* Federal Respondents have not met that burden. On October 14, 2026, the Court ordered Respondents to respond to Suleymanov's petition by October 28, 2026. Dkt. 2; *see also* 28 U.S.C. § 2243. On October 28, the government instead informed the Court that it would not file a return. Dkt. 4. Accordingly, the government has not rebutted Suleymanov's showing with sufficient evidence.

## II. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within ONE day of this Order, Respondents must release Petitioner Sergey Makmudovich Suleymanov from custody and restore his previous order of supervision.
3. Upon his release, Respondents must return to Suleymanov any personal property, including any personal identification document (other than a passport) and any employment authorization document.
4. Respondents shall file a status report by November 2, 2026, confirming that Suleymanov has been released.
5. Respondents, and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them, are PROHIBITED from removing Suleymanov to a country

not listed in his removal order without affording him notice and a meaningful opportunity to be heard in reopened removal proceedings with a hearing before an immigration judge.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to meet and confer on any fee request before filing a petition.

Dated this 29th day of October, 2026.

Tiffany M. Cartwright
United States District Judge